

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-22-2003

# USA v. Jiminez

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4369

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Jiminez" (2003). *2003 Decisions.* Paper 264.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/264

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-4369

UNITED STATES OF AMERICA,

v.

CARLOS ENRIQUE JIMINEZ,
a/ka/ VICTOR PEREZ-VIERA,

Carlos Jimenez,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 00-cr-00659)
District Judge: Hon. Louis H. Pollak

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 15, 2003

BEFORE: MCKEE, SMITH and COWEN, Circuit Judges

(Filed September 22, 2003)

OPINION

COWEN, Circuit Judge.

Carlos Enrique Jimenez[1] appeals from the judgment of conviction and sentence of the United States District Court for the Eastern District of Pennsylvania. We will affirm.

I.

Jimenez was discovered as a stowaway aboard a Turkish vessel in Philadelphia, Pennsylvania. A citizen and national of the Dominican Republic, he had previously been deported from the United States after a conviction for a crime of violence carrying a term of imprisonment of at least one year. On October 26, 2000, a grand jury indicted Jimenez for illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). He pled guilty to this offense on December 19, 2000.

Jimenez appeared for a sentencing hearing on November 22, 2002. The presentence investigation report stated that Jimenez's total offense level was 21 and his criminal history category was V. The resulting sentencing range was 70 to 87 months. Although not objecting to these calculations, Jimenez sought a downward departure on three grounds. He first argued that such a departure should be granted because of his extraordinary efforts at rehabilitation pursuant to *United States v. Sally*, 116 F.3d 76 (3d Cir. 1997). The defense submitted documents indicating his participation in several programs at the Federal Detention Center in Philadelphia after his offense. Jimenez also claimed extraordinary family circumstances. His wife and two sons provided evidence to

---

[1] The caption incorrectly indicates that this surname is "Jiminez."

2

support this second basis of departure.[2]  Finally, he asserted that, even if these separate grounds were rejected, the District Court should find that a combination of his rehabilitative efforts and family circumstances justified departing from the otherwise applicable sentencing range.

The District Court questioned whether any departure could be granted in this case on the basis of either the *Sally* doctrine or Jimenez's family ties.  The District Court then discussed with the prosecutor the policy reasons supporting the incarceration of a person for an extended period even though he or she will be deported.   Jimenez reiterated his assertion that a combination of these factors justified a departure, and the District Court noted that it understood this contention.

Before rendering its decision, the District Court summarized the assertions based on extraordinary efforts at rehabilitation and family connections as well as the "aggregate argument" in which these two factors are "taken together."  App. at 31.  Jimenez's participation in several prison programs did not meet the requisite "level of extraordinary rehabilitative achievement."  App. at 32.  With respect to his family ties, the District Court likewise found that the sympathetic testimony of family members failed to remove this case from the otherwise applicable sentencing range.

---

[2]  Letters from these individuals were also submitted to the District Court.

The District Court then turned to Jimenez's aggregate argument as well as its own doubts as to the policy of imprisoning for six or seven years an individual facing eventual deportation. It specifically noted:

> [The defense counsel] has urged that the two ingredients should be put together, and that in combination they would warrant a downward departure. If I thought that there was a persuasive basis in law for acceding to that argument, I would find it very appealing for the reason that, as I have explained in my colloquy with [the prosecutor], I find it -- I find it a very difficult Government policy to defend, to place somebody in prison for six or seven years as would be called for by the [United States Sentencing] Guidelines and then to deport him.

App. at 33. It suggested that a lesser term of imprisonment could likewise advance the government's objective of discouraging illegal reentry into this country. The District Court, however, found:

> [T]he Guidelines representing the Sentencing Commission's implementation of the responsibilities delegated to it by Congress, call for this -- these results. As I've said, I would be receptive to [the defense counsel's] argument that somehow in combination these two grounds for departure, each of which seem to be legally insufficient separately, would -- would warrant a downward departure, but I find no basis in the Guidelines for saying so.

App. at 34. It reiterated the ordinary nature of Jimenez's positive attempts at rehabilitation and his strong family connections, emphasizing that these factors did not rise to the level necessary for departure. The District Court accordingly concluded:

> And so I find myself -- not at all happy about it -- coming to the conclusion that under the Guidelines, it would for me be an abuse of discretion to depart downwardly on either -- on either of the two bases urged by [the defense counsel], the post-offense rehabilitation or the special

4

family relationships or to grant a voluntary departure on a combination of the two.

App. at 35-36.

Jimenez was sentenced to a term of imprisonment of 70 months, supervised release for two years, and a $100.00 special assessment. The District Court, in discussing the right to appeal, additionally noted:

> If the defendant can persuade the Court of Appeals that there is an abuse of discretion in not departing downward under the circumstances or an error of law in my conclusion that the aggregation of the two proposed grounds of downward departure, neither of which seem to me separately applicable, that the aggregation of them did not strengthen the case, then that may be challenged either as an abuse of discretion or as an error of law.

App. at 36. Jimenez appealed.

## II.

Jimenez contends that the District Court erroneously believed that it did not possess the authority to depart downward based on a combination of factors. We lack jurisdiction to review a district court's discretionary refusal to grant a downward sentencing departure where the district court was aware of its power to order such a departure. *See, e.g., United States v. McQuilkin*, 97 F.3d 723, 729 (3d Cir. 1996). We do possess appellate jurisdiction to consider the claim that the district court committed legal error in refusing to depart because it believed that it lacked the legal authority to do so. *See, e.g., United States v. Georgiadis*, 933 F.2d 1219, 1222 (3d Cir. 1991); *United States v. Denardi*, 892 F.2d 269, 271 (3d Cir. 1989). "If the district court's stated reasons are

5

ambiguous -- so that the record does not reflect whether the court's denial is based on legal or discretionary grounds -- then the proper remedy is to 'vacate the sentence and remand for the district court to clarify the basis for its ruling.'" *United States v. Stevens*, 223 F.3d 239, 247 (3d Cir. 2000) (quoting *United States v. Mummert*, 34 F.3d 201, 205 (3d Cir. 1994)).

The District Court sufficiently acknowledged its power to depart on the basis of a combination of factors. It clearly considered Jimenez's "aggregate argument." App. at 31. The District Court was apparently sympathetic and receptive to this argument, and it also indicated that Jimenez could challenge on appeal its conclusion concerning aggregation "as an abuse of discretion or as an error of law." App. at 36. Many of its comments, however, seem to relate to its criticism of the policy behind imprisoning a person for six or seven years even though he or she will then be deported. Although discussed together with the aggregation argument, such policy concerns do not appear related to the question of whether the combined effect of Jimenez's rehabilitative activities and his family responsibilities supported a departure. Finding "no basis in the Guidelines,"App. at 34, the District Court specifically ruled that it would be an abuse of discretion to depart on the grounds of either the rehabilitative steps or his family circumstances "or to grant a voluntary departure on a combination of the two," App. at 36. The District Court therefore exercised its discretionary and unreviewable authority in declining to depart.

6

## III.

For the foregoing reasons, the judgment of the District Court entered on December 10, 2002 will be affirmed.

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/ Robert E. Cowen
United States Circuit Judge